IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT
02 SEP 13 AM 10: 12
TX EASTERN-BEAUMONT
BY_____

| | | |
|---|---|---|
| TRINITY INDUSTRIES, INC. and THE TEXAS A&M UNIVERSITY SYSTEM | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 1:98 CV 1623 |
| ROAD SYSTEMS, INC., INTERSTATE STEEL CORPORATION, KADDO KOTHMANN, SAFETY BY DESIGN, INC., JOHN D. REID, DEAN L. SICKING, and, KOTHMANN ENTERPRISES, INC., | § § § § § § § | JUDGE SCHELL |
| *Defendants*. | § § | JURY TRIAL DEMANDED |

### PLAINTIFFS' THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Trinity Industries, Inc., ("TRINITY") and the Texas A&M University System ("TEXAS A&M"), file this their Third Amended Complaint against Defendants Road Systems, Inc., ("ROAD SYSTEMS"), Interstate Steel Corporation ("INTERSTATE STEEL"), Kaddo Kothmann ("KOTHMANN"), Safety by Design, Inc. ("SAFETY BY DESIGN"), John D. Reid ("REID"), Dean L. Sicking ("SICKING"), and Kothmann Enterprises, Inc. ("KEI").

### JURISDICTION, PARTIES AND VENUE

1. Counts I - IX of this action arise under the patent laws of the United States (Title 35, United States Code) for infringement of United States Patent No. 4,928,928 (the "'928 patent"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ATTENTION
Attachments Not Bound**

2. TRINITY is a corporation organized and existing under the laws of the State of Delaware and conducting business from 2525 Stemmons Freeway, Dallas, Texas 75207. TEXAS A&M is an educational institution organized and existing under the laws of the State of Texas and conducting business at various branches throughout the State.

3. ROAD SYSTEMS is a Texas corporation with its principal place of business at 1507 E. 4th Street, Big Spring, Texas 79720. Its registered agent for service is Kaddo Kothmann, 1507 E. 4th St., Big Spring, Texas 79720. ROAD SYSTEMS is subject to personal jurisdiction in the Eastern District of Texas and has sold and/or used infringing products in this judicial district.

4. INTERSTATE STEEL is a Texas corporation with its principal place of business at 1507 E. 4th Street, Big Spring, Texas 79720. Its registered agent is Kaddo Kothmann, 1507 E. 4th St., Big Spring, Texas 79720. INTERSTATE STEEL is subject to personal jurisdiction in the Eastern District of Texas and has used and/or sold infringing products in this judicial district.

5. KOTHMANN is an individual residing at 2602 Cindy Lane, Big Spring, Texas and is subject to personal jurisdiction in the Eastern District of Texas and has sold and/or used infringing products in this district.

6. SAFETY BY DESIGN is a Nebraska corporation having a business address at 6307 Yellowstone Circle, Lincoln, Nebraska 68510. Its registered agent is John D. Reid, 6307 Yellowstone Circle, Lincoln, Nebraska 68510. SAFETY BY DESIGN is subject to personal jurisdiction in the Eastern District of Texas and has sold and/or induced others to use and sell infringing products in this judicial district.

7. REID is an individual residing at 6307 Yellowstone Circle, Lincoln, Nebraska 68510. REID is subject to personal jurisdiction in the Eastern District of Texas and has induced others to use and sell infringing products in this judicial district.

8. SICKING is an individual residing at 5401 Cornell Road, Lincoln, Nebraska 68516. SICKING is subject to personal jurisdiction in the Eastern District of Texas and has knowingly induced others to manufacture, use and sell infringing products in this judicial district.

9. KEI is a Texas corporation with its principal place of business at 1507 E. 4th Street, Big Spring, Texas 79720. Its registered agent is Kaddo Kothmann, 1507 E. 4th St., Big Spring, Texas 79720. KEI is subject to personal jurisdiction in the Eastern District of Texas and has induced others to use and sell infringing products in this judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

### A. THE PATENT

11. TRINITY holds an exclusive license under United States Patent No. 4,928,928 (hereinafter "the '928 Patent"). The '928 Patent was duly and legally issued to inventors C. Eugene Buth, Asif Qureshy, Hayes E. Ross, Jr., and Defendant SICKING for a "Guardrail Extruder Terminal" on May 29, 1990. The '928 Patent was validly assigned by these inventors to TEXAS A&M. TRINITY obtained an exclusive license to the '928 Patent from TEXAS A&M. The exclusive license includes the right to bring suit for infringement of the '928 Patent. TRINITY and TEXAS A&M bring this suit. A copy of the '928 Patent is attached as Exhibit 1 to the Third Amended Complaint for Patent Infringement.

B.     ROAD SYSTEMS AND INTERSTATE STEEL ARE ALTER EGOS OF KOTHMANN

12. On information and belief, KOTHMANN is the incorporator, the agent and the only officer of ROAD SYSTEMS. On information and belief, ROAD SYSTEMS is the alter ego of KOTHMANN.

13. On information and belief, KOTHMANN is the incorporator, the agent and the only listed Corporate Officer of INTERSTATE STEEL. On information and belief, INTERSTATE STEEL is the alter ego of KOTHMANN.

C.     KEI'S RELATIONSHIP TO THIS ACTION ARISES BY ITS ALLEGED MERGER AND ACQUISITION OF YET ANOTHER OF DEFENDANT KOTHMANN'S CORPORATIONS

14. Defendant KEI has alleged that is the title owner of U.S. Letters Patent No. 6,022,003 entitled "Guardrail Cutting Terminal" ("the '003 patent").

15. The '003 patent originally was assigned by its inventors, including Defendant SICKING, to the University of Nebraska-Lincoln. Plaintiffs originally named the University of Nebraska-Lincoln as a defendant for inducing its licensee, Defendant INTERSTATE STEEL to manufacture and market a commercial version of the '003 patent known as the "Beam Eating Steel Terminal," or "the B.E.S.T." The University of Nebraska-Lincoln subsequently assigned the '003 patent to Defendant INTERSTATE STEEL on September 20, 2000, and The University of Nebraska-Lincoln has been dropped as a defendant in this Third Amended Complaint.

16. Another Kothmann entity, Kothmann & Kothmann, Inc., ("KKI") was formed on September 13, 2000. Defendant KEI alleges that Defendant INTERSTATE STEEL assigned the '003 patent to KKI on October 30, 2000. KEI further alleges that KKI then granted a license back to INTERSTATE STEEL to manufacture and market the B.E.S.T.

16. Defendant KEI alleges that subsequently, on April 2, 2002, KKI merged into Defendant

THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT – Page 4

KEI.

17. Defendant KEI alleges that it assumed title to the '003 patent following the alleged merger of KKI into Defendant KEI.

18. Assuming Defendant KEI'S allegations to be true, Defendant KEI has assumed all liabilities arising out of KKI's infringement of the '928 Patent, which infringement by KKI arising because of it's assumption of the role of licensor to Defendant INTERSTATE STEEL.

19. Defendant KEI alleges that Defendant INTERSTATE STEEL, allegedly now the exclusive licensee of Defendant KEI and the former exclusive licensee of KKI and originally the exclusive licensee of The University of Nebraska-Lincoln, continues to market the B.E.S.T. under license now from Defendant KEI.

D. SICKING, REID AND KEI INDUCED OTHERS TO MAKE, USE AND SELL ONE OR MORE INFRINGING DEVICES

20. According to its allegations, KEI apparently has licensed the right to manufacture, use, and sell infringing devices, and has actively induced others to commercially exploit infringing guardrail end treatment systems.

21. On information and belief, SICKING has actively induced others to infringe the '928 Patent, and commercially to exploit infringing guardrail end treatment systems.

22. On information and belief, Reid has actively induced others to infringe the '928 Patent, and commercially to exploit infringing guardrail end treatments systems.

23. On information and belief, SAFETY BY DESIGN, by and through its agents, has actively induced others to infringe the '928 patent and commercially to exploit infringing guardrail end treatment systems.

E. DEFENDANTS' DIRECT INFRINGEMENT OF THE '928 PATENT

24. On information and belief, INTERSTATE STEEL and ROAD SYSTEMS have sold infringing guardrail terminals in the State of Texas and throughout the United States.

25. On information and belief, KOTHMANN, a listed Corporate Officer of both ROAD SYSTEMS and INTERSTATE STEEL, has actively assisted ROAD SYSTEMS and INTERSTATE STEEL to manufacture, use and sell infringing guardrail terminals.

## CAUSES OF ACTION

### COUNT I: DIRECT PATENT INFRINGEMENT AGAINST ROAD SYSTEMS AND KOTHMANN

26. Plaintiffs incorporate paragraphs 1 through 26 by reference.

27. 35 U.S.C. § 271(a) states that, "[W]hoever without authority makes, uses or sells any patented invention ... infringes the patent."

28. On information and belief, ROAD SYSTEMS, KOTHMANN individually as the sole Corporate Officer of ROAD SYSTEMS, and ROAD SYSTEMS as KOTHMANN'S alter ego, and their agents have been and still are infringing the '928 Patent by, among other things, manufacturing, using and selling guardrail end treatment systems such as their product identified as the "Sequential Kinking Terminal" (SKT-350) and the "Flared Energy Absorbing Terminal" (FLEAT) in violation of 35 U.S.C. § 271(a). They will continue to do so unless enjoined by this Court.

29. Upon information and belief, ROAD SYSTEMS and KOTHMANN have had actual knowledge of the '928 Patent since approximately its date of issue but have pursued their knowing and willful infringement thereof, in flagrant disregard to Plaintiffs' rights thereunder.

30. ROAD SYSTEMS' and KOTHMANN'S infringement has caused and/or will cause Plaintiffs, TRINITY and TEXAS A&M, to suffer damages and has caused and/or will cause Plaintiffs to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

## COUNT II: DIRECT PATENT INFRINGEMENT AGAINST INTERSTATE STEEL AND KOTHMANN

31. Plaintiffs incorporate paragraphs 1 through 31 by reference.

32. On information and belief, INTERSTATE STEEL, KOTHMANN individually, KOTHMANN individually as the sole Corporate Officer of INTERSTATE STEEL, and INTERSTATE STEEL as KOTHMANN'S alter ego, and their agents, have been and still are infringing the '928 Patent by, among other things, manufacturing, using and selling guardrail end terminals such as their product identified as the "Beam Eating Steel Terminal" ("B.E.S.T.") in violation of 35 U.S.C. § 271(a), and will continue to do so unless enjoined by this Court.

33. Upon information and belief, INTERSTATE STEEL and KOTHMANN have had actual knowledge of the '928 Patent since approximately its date of issue but have pursued their knowing and willful infringement thereof, in flagrant disregard to Plaintiffs' rights thereunder.

34. INTERSTATE STEEL'S and KOTHMANN'S infringement has caused and/or will cause Plaintiffs, TRINITY and TEXAS A&M, to suffer damages and has caused and/or will cause Plaintiffs to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

## COUNT III: ACTIVE INDUCEMENT OF PATENT INFRINGEMENT AGAINST KOTHMANN

35. Plaintiffs incorporate paragraphs 1 through 35 by reference.

36. 35 U.S.C. § 271(b) states that, "Whoever actively induces infringement of a patent shall be liable as an infringer."

37. Upon information and belief, KOTHMANN has known of the '928 Patent since approximately its date of issue but has pursued his knowing and willful infringement thereof, in flagrant disregard of Plaintiffs' rights thereunder.

38. Upon information and belief, KOTHMANN has been and is still actively assisting ROAD

SYSTEMS, INTERSTATE STEEL and apparently KEI in their infringements of the '928 patent through his position as sole Corporate Officer for ROAD SYSTEMS, INTERSTATE STEEL and KEI.

39. As sole Corporate Officer for ROAD SYSTEMS and INTERSTATE STEEL, KOTHMANN has actively assisted ROAD SYSTEMS and INTERSTATE STEEL in manufacturing, using and selling products embodying the inventions claimed in the '928 Patent and providing products to others for practicing the invention claimed in the '928 Patent.

40. KOTHMANN'S infringement has caused and/or will cause Plaintiffs, TRINITY and TEXAS A&M, to suffer damages and has caused and/or will cause Plaintiffs to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

## COUNT IV: ACTIVE INDUCEMENT OF PATENT INFRINGEMENT AGAINST SICKING

41. Plaintiffs incorporate paragraphs 1 through 41 by reference.

42. Sicking has known of the '928 patent since its existence.

43. On information and belief, SICKING, individually, has encouraged and solicited the licensing of others to produce and sell infringing devices.

44. On information and belief, SICKING, individually, has actively induced ROAD SYSTEMS and KOTHMANN to infringe the '928 Patent, and commercially to exploit infringing guardrail end treatment systems.

45. On information and belief, SICKING, individually, has actively induced INTERSTATE STEEL and KOTHMANN to infringe the '928 Patent, and commercially to exploit infringing guardrail end treatment systems. SICKING'S actions, such as the licensing contract granting INTERSTATE STEEL the rights to manufacture, use, and sell infringing devices, show a specific intent to infringe the '928 patent.

46. On information and belief, SICKING, individually, has actively induced KOTHMANN to infringe the '928 Patent, and commercially to exploit infringing guardrail end treatment systems.

47. On information and belief, SICKING has known of the '928 Patent since its date of issue but has pursued his knowing and willful infringement thereof, in flagrant disregard of Plaintiffs' rights thereunder.

48. SICKING'S infringement has caused and/or will cause Plaintiffs, TRINITY and TEXAS A&M, to suffer damages and has caused and/or will cause Plaintiffs to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

**COUNT V: ACTIVE INDUCEMENT OF PATENT INFRINGEMENT AGAINST SAFETY BY DESIGN**

49. Plaintiffs incorporate paragraphs 1 through 49 by reference.

50. Upon information and belief, SAFETY BY DESIGN, through one or more licenses to ROAD SYSTEMS, has been and is still committing acts of active inducement of patent infringement by inducing ROAD SYSTEMS and KOTHMANN to manufacture, use and sell products embodying the inventions claimed in the '928 Patent and to provide products to others for practicing the inventions claimed in the '928 Patent.

51. Upon information and belief, SAFETY BY DESIGN, by and through its officers and agents, has known of the '928 Patent since approximately its date of issue but has pursued its knowing and willful infringement thereof by actively inducing others to infringe the patent, in flagrant disregard of Plaintiffs' rights thereunder.

52. SAFETY BY DESIGN'S inducement has caused and/or will cause Plaintiffs, TRINITY and TEXAS A&M, to suffer damages and has caused and/or will cause Plaintiffs to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

## COUNT VI: ACTIVE INDUCEMENT OF PATENT INFRINGEMENT AGAINST REID

53. Plaintiffs incorporate paragraphs 1 through 53 by reference.

54. Upon information and belief, REID, individually, has been and is still committing acts of active inducement by inducing ROAD SYSTEMS and KOTHMANN to manufacture, use and sell products embodying the inventions claimed in the '928 Patent and by providing products to others for practicing the inventions claimed in the '928 Patent.

55. Upon information and belief, REID has known of the '928 Patent since approximately its date of issue but has pursued his knowing and willful infringement thereof by actively inducing others to infringe the patent, in flagrant disregard of Plaintiffs' rights thereunder.

56. REID'S inducement has caused and/or will cause Plaintiffs, TRINITY and TEXAS A&M, to suffer damages and has caused and/or will cause Plaintiffs to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

## COUNT VII: ACTIVE INDUCEMENT OF PATENT INFRINGEMENT AGAINST KEI

57. Plaintiffs incorporate paragraphs 1 through 57 by reference.

58. Assuming Defendant KEI'S allegations to be true, Defendant KEI has been and is still committing acts of infringement by inducing INTERSTATE STEEL and KOTHMANN to manufacture, use and sell products embodying the inventions claimed in the '928 Patent and to provide products to others for practicing the inventions claimed in the '928 Patent.

59. KEI has known of the '928 Patent since its date of incorporation but apparently has pursued knowing and willful inducement of infringement, in flagrant disregard of Plaintiffs' rights thereunder.

60. KEI's apparent inducement has caused and/or will cause Plaintiffs, TRINITY and TEXAS

A&M, to suffer damages and has caused and/or will cause Plaintiffs to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

## PRAYER

TRINITY and TEXAS A&M request the Court to enter judgment in their favor on the foregoing and grant the following relief:

1. That Defendants and their agents, servants, employees, and other persons in active concert or participation with them, be permanently enjoined: from directly or indirectly making or causing to be made, manufacturing, selling or causing to be sold, using, or in any way distributing any apparatus or device which embodies the invention set forth in the '928 Patent, or which is designed, intended, or adapted for use in any apparatus or device which embodies the '928 Patent; from in any way directly or indirectly infringing upon or violating plaintiffs' rights in the '928 Patent; and from contributing to, aiding, or inducing such infringement by others;

2. An accounting to determine damages for all forms of infringement of the '928 Patent and that Plaintiffs be awarded such damages from Defendants;

3. A trebling of damages for willful infringement;

4. An assessment of pre-judgment and post-judgment interest on the damages determined;

5. A finding that this case is an exceptional case and an award of Plaintiffs' costs and attorneys fees; and

6. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

Dated this 12th day of September, 2002:

Respectfully submitted,

_____
GUY V. MANNING
Attorney-in-Charge
Texas State Bar No. 12943050
LAW OFFICES OF GUY V. MANNING, P.E.
405 Park Plaza Building
2501 Parkview Drive
Fort Worth, Texas 76102
(817) 294-7744; (817) 885-8504 (fax)

RUSSELL C. BROWN
Texas State Bar No. 03167510
WELLBORN, HOUSTON, ADKINSON, MANN,
SADLER & HILL, L.L.P.
P.O. Box 1109
Henderson, Texas 75653-1109
(903) 657-8544; (903) 657-7227 (fax)

DUKE W. YEE
Texas State Bar No. 22151435
SCOTT L. HARPER
Texas State Bar No. 00795038
CARSTENS, YEE & CAHOON, L.L.P.
13760 Noel Road, Suite 900
Dallas, Texas 75240
(972) 367-2001; (972) 357-2002 (fax)
ATTORNEYS FOR TRINITY INDUSTRIES, INC.

_____
RUSSELL C. BROWN
Attorney-in-Charge
Texas State Bar No. 03167510
WELLBORN, HOUSTON, ADKINSON, MANN,
SADLER & HILL, L.L.P.
P.O. Box 1109
Henderson, Texas 75653-1109
(903) 657-8544; (903) 657-7227 (fax)
ATTORNEYS FOR TEXAS A&M
UNIVERSITY SYSTEM